McKiNNEY, J.,
delivered the opinion of the court.
This is an attachment bill. At the appearance term, the defendants moved to dismiss the bill, on the ground that the attachment bond was not in compliance with the requirements of the statute. The motion was allowed, and the bill ordered to be dismissed. But on a subsequent day of the same term, the chancellor, (without, in express terms, rescinding the 'order of dismission), made a further order, by which leave was given to the complainants, on or before the next March Buies, to execute a new and sufficient bond, and providing that, upon such bond being given, the cause “shall be proceeded in, as though said bond had been given on the issuance of the attachment, subject to all legal exceptions in allowing said bond to be given.” Within the time limited, the complainants complied with this order, by executing a new and perfect bond; nevertheless, the chancellor, at the next succeeding term of the court, dismissed the bill, for the reason, as is alleged at the bar, that the leave given to amend, by the substitution of a new bond, was improper, and not allowable by law.
We do not coincide in opinion with the chancellor. In permitting the complainants to substitute a sufficient bond there was nothing erroneous or improper. The case referred to, (Bank vs. Fitzpatrick 4 Humph., 311), so far *109 from denying tbe propriety of allowing such an amendment, (if ashed for in the court below,) tacitly admits it; but very properly holds, that it is not error in the chancellor to omit making such order of amendment when not asked for. The leave to amend being proper, and the amendment having been made in conformity with the order, the chancellor erred in afterwards dismissing the bill on the ground assumed.
The omission to rescind the first order of dismission, is unimportant; as the subsequent order, granting leave to amend, was a virtual revocation thereof.
The decree will be reversed, and the cause will be remanded, and reinstated on the docket of the chancery court.